NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHYLLIS M. JOHNSON,<br><br>   *Plaintiff*,<br><br> v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>   *Defendant*. | Civ. Action No. 17-2490 (JMV)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  This matter comes before the Court on a motion for reconsideration filed by Plaintiff Phyllis M. Johnson. D.E. 29. Plaintiff moves the Court to reconsider its Opinion and Order, D.E. 27, 28, 31. Defendant, the Acting Commissioner of Social Security, filed opposition. D.E. 30. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion for reconsideration is **DENIED**.

**I. BACKGROUND**

  On April 11, 2017, Plaintiff filed her original Complaint, D.E. 1, asserting that Defendant erred in finding Plaintiff not disabled under the Social Security Act. The Court reviewed the parties' briefs and the entire administrative record, D.E. 12, 21, 23, and then held oral argument on April 17, 2018, D.E. 27. The Court issued a verbal Opinion that day followed by an Order, D.E. 27, 28, 31, in which the Court affirmed Defendant's disability determination. The current motion followed.

## II. RECONSIDERATION STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Plaintiff has not complied with this time requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

## III. ANALYSIS

The Court denies Plaintiff's motion for reconsideration. First, the motion is untimely, having been made outside the required fourteen-day time period. Second, the motion merely rehashes the same arguments made in the underlying briefing and during oral argument. *Compare* D.E. 30-1 at 5 (arguing that the ALJ was basing her opinion on providing "DDS, significant weight; treating physician, no weight") *with* D.E. 29 at 8 (asserting that the ALJ determined that the treating physician "gets no weight and DDS gets significant weight"). Finally, and most importantly, the Court reviewed the evidence as to Plaintiff's Madelung's deformity and sufficiently explained its reasons on the record. D.E. 30-1 at 27-30. The Court understands that Plaintiff disagrees with the Court's decision, but Plaintiff's disagreement falls far short of meeting the demanding standard necessary to prevail on a motion for reconsideration. Plaintiff concedes that there has been no intervening change in the controlling law or that new evidence is available. Plaintiff also fails to point to any clear error of law. As a result, Plaintiff's motion relies on the "manifest injustice" standard, which Plaintiff has failed to meet.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 2nd day of January 2019,

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 29) is **DENIED**.

s/ John Michael Vazquez
John Michael Vazquez, U.S.D.J.